IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT LEE PEACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-065-TCK-SAJ |
| ) | |
| JUSTIN JONES, Oklahoma Department ) | |
| of Corrections; ATTORNEY GENERAL ) | |
| OF THE STATE OF OKLAHOMA, ) | |
| Drew Edmondson, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action filed by Petitioner Robert Lee Peace, a state inmate appearing *pro se*. In response to the petition (Dkt. # 1), Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 11). Petitioner did not file a response to the motion to dismiss. He did, however, file a motion to stay (Dkt. # 13) and a motion to dismiss without prejudice (Dkt. # 14). For the reasons discussed below, the Court shall reserve ruling on the motions, pending supplementation of the record by Respondent.

### *BACKGROUND*

The record reflects that Petitioner was convicted by a jury of Assault and Battery with a Dangerous Weapon in Tulsa County District Court, Case No. CF-2004-2174. He was sentenced to thirty-five (35) years imprisonment. During trial proceedings, Petitioner was represented by attorneys Ron Wallace and Anna Johnson.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Stephen J. Greubel, raised the following three (3) issues:

1. Trial counsel deprived appellant Peace of his Sixth Amendment right to effective assistance of counsel by failing to utilize readily available evidence to undermine the credibility of the State's only substantive witness.

2. Trial counsel deprived appellant Peace of his Sixth Amendment right to effective assistance of counsel by allowing two transactional prior felony convictions to be submitted for the jury's consideration in enhancing appellant Peace's sentence pursuant to Okla. Stat. tit. 21, § 51.1.

3. Prosecutorial misconduct warrants a reduction in the sentence imposed.

See Dkt. # 12, Ex. 1. Attorney Greubel also filed Petitioner's *pro se* supplemental brief (Dkt. # 12, Ex. 2). In that brief, Petitioner supplemented the arguments presented as to propositions 1 and 2, and provided additional claims identified as pro se propositions II, III, and IV.[1] In an unpublished Summary Opinion, filed May 3, 2007, the OCCA considered and rejected the claims raised by appellate counsel as well as the claims raised by Petitioner in his *pro se* supplemental brief. (Dkt. # 12, Ex. 4). The OCCA affirmed Petitioner's conviction and sentence. Id. Nothing before the

---

[1] In its Summary Opinion, the OCCA grouped Petitioner's claims raised in his *pro se* supplemental brief into one claim as follows:

IV. Trial counsel and the State deprived Appellant of his Fifth, Sixth and Fourteenth Amendment right to effective assistance of counsel and a fair trial by various ways raised by Appellant in his *pro se* brief, including counsel's failure to adequately investigate his case, counsel's failure to present mitigating mental health evidence, and the State's failure to disclose (and counsel's failure to discover) deals the State made with the complainant that would have impeached her credibility.

(Dkt. # 12, Ex. 4).

Court indicates Petitioner sought *certiorari* review in the United States Supreme Court following the conclusion of his direct appeal.

Petitioner filed the instant petition for writ of habeas corpus on February 7, 2008, and identified one (1) ground of error, as follows:

> Ineffective assistance of counsel due to counsel's lack of investigation, failure to call crutial [sic] witnesses, present bank records and mental health records, and lack of communication with petitioner. U.S.C.A. 5, 6, 14.
> Defense counsel did not meet or communicate with petitioner until the day of trial. He failed to call crutial [sic] available witnesses in defense of his case. He failed to present bank records showing the alleged victim had been stealing form petitioner. He failed to present mental health evidence which would decimate the intent element that the jury must find beyond a reasonable doubt. He failed to present to the jury the fact that the alleged victim had felony charges pending and would receive suspended sentence less than two weeks after trial.

(Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 11). Respondent identifies five (5) claims in the petition, and contends that only one (1) of the five (5) claims was raised on direct appeal. For that reason, Respondent argues that the petition is a "mixed petition," containing both exhausted and unexhausted claims, and that it should be dismissed. Petitioner concedes that he has failed to exhaust four (4) of his claims and that he has an available state remedy. See Dkt. #s 13, 14. In his motion to dismiss (Dkt. # 14), filed July 8, 2008, Plaintiff indicates that he has filed an application for post-conviction relief in the state district court.

## *ANALYSIS*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Dever v. Kansas State

Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992).

After careful review of the existing record in this case, the Court finds it insufficient to determine whether Petition has exhausted state remedies for each of his claims. As a preliminary matter, Respondent failed to provide a complete copy of the "Principal Brief of Appellant on Direct Appeal" (Dkt. # 12, Ex. 1). The brief is missing page numbers 3, 4, and 8-15. In addition, the "*Pro Se* Supplemental Brief" (Dkt. # 12, Ex. 2) is missing page 2. Petitioner has also advised the Court that during the pendency of this action, he filed an application for post-conviction relief. See Dkt. # 14. The Court viewed the docket sheet for Tulsa County District Court, Case No. CF-2004-2174, at www.oscn.net, and confirmed that Petitioner filed an application for post-conviction relief on June 9, 2008. The state district court denied relief on July 23, 2008. Petitioner appealed and on October 23, 2008, in PC-2008-760, the OCCA affirmed the denial of post-conviction relief. While the docket sheets viewed at www.oscn.net demonstrate that post-conviction review has concluded, the pleadings are not part of the record for this case. As a result, the Court is unable to determine whether Petitioner raised each of his unexhausted claims in the state post-conviction proceedings.

4

Therefore, Respondent should be directed to supplement the record with complete copies of the pleadings filed by Petitioner on direct appeal as well as with pleadings and orders filed in the state post-conviction proceeding. Respondent shall also address the impact, if any, of the supplemented record on the exhaustion status of Petitioner's habeas corpus claims. In light of these considerations, the Court will reserve ruling on the pending motions until after Respondent has supplemented the record.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within twenty (20) days of the entry of this Order, Respondent shall supplement the record with complete copies of the pleadings filed by Petitioner on direct appeal as well as with copies of pleadings and orders filed in Petitioner's state post-conviction proceeding. Respondent shall also address the impact, if any, of the supplemented record on the exhaustion status of Petitioner's habeas corpus claims.

2. Petitioner may file a reply within twenty (20) days of Respondent's supplemental filing.

3. The Court reserves ruling on the pending motions to dismiss until after Respondent has supplemented the record.

DATED THIS 30th day of October, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE