# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT LEE PEACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-065-TCK-TLW |
| ) | |
| JUSTIN JONES, Director, Oklahoma ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is the amended petition for writ of habeas corpus (Dkt. # 22), filed by Petitioner, a state prisoner appearing *pro se*. Respondent filed a response (Dkt. # 27) to the amended petition, and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 17, 18, and 27). Petitioner filed a reply (Dkt. # 28). For the reasons discussed below, the Court finds the amended petition shall be denied.

As a preliminary matter, the Court finds that because the amended petition (Dkt. # 22) replaces and supersedes the original petition (Dkt. # 1), the original petition for writ of habeas corpus has been rendered moot.

## *BACKGROUND*

On May 9, 2004, Tulsa police and emergency medical personnel responded to a domestic disturbance call. They found Phyllis Yeckley at the home of her neighbor, Tracy Turner. Ms. Yeckley had been severely beaten and had sustained extensive injuries. She identified Petitioner Robert Lee Peace as the person who inflicted her injuries.

As a result of those events, Petitioner was charged with Assault and Battery With a Dangerous Weapon, After Former Conviction of Two Felonies, in Tulsa County District Court, Case

No. CF-2004-2174. Prior to trial, Petitioner was placed in the Oklahoma Forensic Center for mental health treatment. See www.oscn.net. A post-evaluation competency hearing was conducted on March 2, 2005. Id. Defendant stipulated to the report that his competency had been restored. Id. On October 11-13, 2005, Petitioner was tried by a jury. At trial, Phyllis Yeckley testified that while arguing with Petitioner, he told her she "needed to be schooled." See Dkt. # 18, Tr. Trans. at 322. She testified that Petitioner hit her with a pool stick, curtain rod, bat, pipe, hammer, and his fists, id. at 325-29, and that he told her he had to knock out all of her teeth because he was going to take her to Arkansas to feed to the pigs and "pigs do not digest teeth," id. at 333. Ms. Yeckley also testified that Petitioner threatened to kill her, her mother, and her sister if anyone called the police. Id. at 334. The cardiovascular surgeon who operated on Ms. Yeckley on May 19, 2004, testified that she had a partial collapse of her left lung, numerous rib fractures, a spiral fracture of the 4th metacarpal of her right hand, and numerous bruises on her face, thorax, arms, and legs. Id. at 296, 309, 312. Petitioner testified in his own defense and denied causing Phyllis Yeckley's injuries. Id. at 402, 408. He admitted that he and Ms. Yeckley had a "big cuss fight" because she had allowed someone to cook methamphetamine at the house after they had agreed that no methamphetamine would be cooked or sold at the house. Id. at 397. He testified that Ms. Yeckley had been fighting with two women, specifically Andrea Packwood and "Red Something," who were responsible for her injuries. Id. 394, 396. At the conclusion of trial, Petitioner was found guilty as charged. On November 14, 2005, Petitioner was sentenced in accordance with the jury's recommendation to thirty-five (35) years imprisonment. He was represented at trial by attorneys Ron Wallace and Anna Johnson.

Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen J. Greubel, he raised the following three (3) propositions of error:

Proposition 1: Trial counsel deprived Appellant Peace of his Sixth Amendment right to effective assistance of counsel by failing to utilize readily available evidence to undermine the credibility of the State's only substantive witness.

Proposition 2: Trial counsel deprived Appellant Peace of his Sixth Amendment right to effective assistance of counsel by allowing two transactional prior felony convictions to be submitted for the jury's consideration in enhancing Appellant Peace's sentence pursuant to Okla. Stat. tit. 21, § 51.1.

Proposition 3: Prosecutorial misconduct warrants a reduction in the sentence imposed.

See Dkt. # 27, Ex. 1. Petitioner filed a *pro se* supplemental brief, providing supplemental argument and authority for propositions 1 and 2. He also raised additional claims summarized by the OCCA as follows:

Proposition 4: Trial counsel and the State deprived Appellant of his Fifth, Sixth and Fourteenth Amendment right to effective assistance of counsel and a fair trial by various ways raised by Appellant in his *pro se* brief, including counsel's failure to adequately investigate his case, counsel's failure to present mitigating mental health evidence, and the State's failure to disclose (and counsel's failure to discover) deals the State made with the complainant that would have impeached her credibility.

See Dkt. # 27, Ex. 3. In an unpublished summary opinion filed May 3, 2007, in Case No. F-2005-1145 (Dkt. # 27, Ex. 3), the OCCA affirmed Petitioner's conviction but found his second claim to be meritorious and remedied the error by modifying his sentence to twenty-five (25) years imprisonment.

On June 9, 2008, Petitioner filed an application for post-conviction relief. By order filed July 25, 2008, the state district court denied relief, recognizing three (3) propositions of error, as follows:

Proposition 1: The Court of Criminal Appeals erred when the court only reduced Petitioner's sentence to 25 years instead of 10 years.

Proposition 2: Appellate counsel erred in not citing controlling authority when presenting arguments for modification.

Proposition 3: Petitioner was denied effective assistance of appellate counsel.

See Dkt. # 27, Ex. 4. Petitioner filed a post-conviction appeal in the OCCA. By order filed October 23, 2008, in Case No. PC-2008-760 (Dkt. # 27, Ex. 5), the state appellate court affirmed the denial of post-conviction relief.

On February 7, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 11). On December 9, 2008, Petitioner filed an amended petition (Dkt. # 22) containing only exhausted claims. In his amended petition, Petitioner identifies five (5) grounds for relief, as follows:

> Ground 1: In violation of his federal Sixth Amendment rights, Petitioner's trial counsel was ineffective for failing to investigate and call certain witnesses to undermine credibility of State's only substantive witness.
>
> Ground 2: In violation of his federal 14th Amendment rights to due process, the Okla. Court of Criminal Appeals erred on Petitioner's direct appeal, F-2005-1145, in failing to modify his sentence to minimum allowed by law.
>
> Ground 3: In violation of his 5th, 6th, and 14th Amendment rights to effective assistance of counsel and due process, Petitioner's appellate counsel was ineffective for failing to cite the correct authorities on direct appeal concerning the Oklahoma Court of Criminal Appeals' ability to modify the Petitioner's sentence to the minimum allowed by law.
>
> Ground 4: Petitioner was denied his 5th, 6th, and 14th Amend. rights to effective appellate counsel where counsel fail to seek an evidentiary hearing.
>
> Ground 5: In violation of his 5th, 6th, and 14th Amendment rights to effective assistance of counsel and due process, appellate counsel was ineffective for failing to raise the claim of ineffective assistance of trial counsel's failure to use available bank records, trial counsel's failure to communicate with Petitioner, and trial counsel's failure to use evidence of Petitioner's mental illness at trial to challenge the element of specific intent.

See Dkt. # 22. In response to the petition, Respondent asserts that Petitioner's claims are not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d), or lack merit. See Dkt. # 27.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the amended petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted available state court remedies for his habeas corpus claims. See Dkt. # 27 at 2. The Court agrees and finds that the exhaustion requirement is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, a petitioner may obtain federal habeas relief from a state court's adjudication of a claim, only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the

state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated Petitioner's claim asserted in ground 1 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel (grounds 3-5) on post-conviction appeal. The OCCA also determined on post-conviction appeal that Petitioner's claim challenging the OCCA's modification of his sentence (ground 2) was barred by *res judicata*. To the extent Petitioner's claims are cognizable, they shall be reviewed pursuant to § 2254(d).

**1. Ineffective assistance of trial counsel (ground 1)**

As his first ground of error, Petitioner complains that trial counsel provided ineffective assistance of counsel in failing to investigate and call certain witnesses. See Dkt. # 22. On direct appeal, the OCCA found that "[m]any of the ineffective assistance claims raised fall within the scope of strategic choices, while others are not adequately supported. Appellant's *pro se* claims do not show errors by counsel that were so serious as to deprive him of a fair trial, one with a reliable result, under the teachings of *Strickland*." See Dkt. # 27, Ex. 3.

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA's adjudication of the claim on direct appeal was an unreasonable application of the two-pronged standard announced in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within

6

the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Petitioner has failed to make the necessary showing. On direct appeal, Petitioner asserted that trial counsel should have called Danny Hamilton, Terry "Killer" Killian, and Tracy Turner as witnesses to undermine the credibility of the State's only substantive witness, Phyllis Yeckley. However, Petitioner acknowledged that trial counsel told him that he was not going to call these witnesses because he did not think they were going to be truthful, "given the various criminal activities conducted at the residence." See Dkt. # 27, Ex. 1, Pro Se Supplemental Brief at 3. That acknowledgment by Petitioner supports the OCCA's conclusion that counsel's decision not to call the witnesses was trial strategy. In addition, Petitioner has failed to offer factual or evidentiary support for his claim that trial counsel provided ineffective assistance in failing to investigate. The Court concludes that Petitioner has failed to demonstrate entitlement to habeas corpus relief on his claim of ineffective assistance of trial counsel. 28 U.S.C. § 2254(d).

### 2. Improper sentence modification (ground 2)

As his second ground of error, Petitioner complains that on direct appeal, the OCCA improperly modified his sentence by failing to reduce it to the statutory minimum. Petitioner raised this claim on post-conviction appeal where the OCCA determined it was precluded by *res judicata*. See Dkt. # 27, Ex. 5.

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review. The Court agrees. "A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law." Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (citation omitted). This Court will not second guess the OCCA's application of state law but will review only to determine whether the OCCA's application of state law violates federal law. See Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir. 1994) ("We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law."); Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000).

As a preliminary matter, the Court notes that Petitioner's modified sentence as imposed by the OCCA did not violate state law. Under Oklahoma law, the OCCA is authorized to modify a sentence. See Okla. Stat. tit. 22, § 1066 (2006). Although the modified sentence was greater than the statutory minimum, it did not exceed the maximum sentence authorized under Okla. Stat. tit. 21, § 51.1(A)(1) (providing a sentencing range of 10 years to life for conviction of Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony).

The Court further finds that the OCCA violated neither due process nor equal protection in modifying Petitioner's sentence to twenty-five (25) years. "[T]he Supreme Court has now made it clear that if a state appellate court has authority to exercise its own discretion and to modify a jury sentence on appeal as a matter of state law, no due process violation occurs." Carbray v. Champion, 905 F.2d 314, 317-18 (10th Cir. 1990) (discussing Clemons v. Mississippi, 494 U.S. 738, 747 (1990)). In addition, even if the OCCA somehow erred in failing to reduce Petitioner's sentence to the statutory minimum, the mere misapplication of state law by a state appellate tribunal does not amount to an equal protection violation. See Cummings v. Sirmons, 506 F.3d 1211, 1237 (10th Cir. 2007) (finding no support for the argument that a state court violates a defendant's equal protection rights by erroneously applying state law). In any event, Petitioner has failed to show he is similarly situated to other defendants whose sentences were modified by the OCCA, and therefore cannot state a prima facie equal protection claim. Cf. United States v. Moore, 543 F.3d 891, 897 (7th Cir. 2008) (denying a defendant's disparate-sentencing equal protection claim and recognizing that, under federal law, sentencing is an "individualized process going well beyond the details of the defendant's instant offense"). Petitioner is not entitled to habeas corpus relief on his claim that the OCCA erred in failing to modify his sentence to the statutory minimum.

### 3. Ineffective assistance of appellate counsel (grounds 3-5)

In grounds 3, 4, and 5 of his petition, Petitioner alleges that his appellate counsel provided ineffective assistance when he failed (1) to cite correct authorities in support of his request for sentence modification (ground 3), (2) to seek an evidentiary hearing (ground 4), and (3) to raise a claim of ineffective assistance of trial counsel for failure to use bank records, to communicate with Petitioner, and to use evidence of Petitioner's mental illness to challenge the element of specific

9

intent (ground 5). Petitioner raised these same claims of ineffective assistance of appellate counsel in his post-conviction proceeding. In resolving petitioner's claim of ineffective assistance of appellate counsel in his post-conviction appeal, the OCCA cited Cartwright v. State, 708 P.2d 592 (Okla. Crim. App. 1985), and found that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." See Dkt. # 27, Ex. 5. As recognized by Respondent, see Dkt. # 27, that premise deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel *de novo*.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable

10

to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93).

      **a.**     **failure to cite correct authorities (ground 3)**

As his third ground of error, Petitioner alleges that appellate counsel provided ineffective assistance in failing to cite the "correct authorities" in alleging that Petitioner's sentence was improperly enhanced. See Dkt. # 22. Petitioner believes that had appellate counsel cited "correct authorities," he would have been sentenced to the statutory minimum of 10 years. However, none of the cases cited by Petitioner stands for the proposition that an appellate court is required to impose the minimum statutory sentence after finding error on direct appeal.[1] In fact, the OCCA has held that "[i]n a non-capital case where the Court has determined that a sentence is infirm due to trial error it may exercise one of three options; modify within the range of punishment, modify to the minimum punishment allowable by law, or remand to the trial court for resentencing." Scott v. State, 808 P.2d 73, 77 (Okla. Crim. App. 1991). In Scott, the OCCA further stated that "when

---

[1]     In his post-conviction petition in error, see Dkt. # 27, Ex. 4, Petitioner cited three (3) cases in support of his claim that appellate counsel failed to cite "correct authority": Holmes v. State, 664 P.2d 1063 (Okla. Crim. App. 1983); Miller v. State, 675 P.2d 453 (Okla. Crim. App. 1984); and Coleman v. State, 760 P.2d 196 (Okla. Crim. App. 1988). In each of those cases, the OCCA modified the appellants' sentences to the statutory minimum, but not because of any obligation or statutory requirement.

modifying a sentence, this Court has analyzed the apparent reasoning behind the jury assessment of punishment so that the resentencing does not do violence to it." Id.

As discussed above, the modified sentence imposed by the OCCA, 25 years imprisonment, is within the range of punishment authorized under Oklahoma law. In addition, the modified sentence reflects that the OCCA followed the procedure discussed in Scott, and modified Petitioner's sentence consistent with the "apparent reasoning behind the jury assessment of punishment." Id. Petitioner's claim lacks merit. Petitioner is not entitled to habeas relief on this claim of ineffective assistance of appellate counsel.

### b. failure to seek an evidentiary hearing (ground 4)

As his fourth ground of error, Petitioner claims that appellate counsel provided ineffective assistance in failing to seek an evidentiary hearing on his ineffective assistance of trial counsel claims. See Dkt. # 22. On post-conviction appeal, see Dkt. # 27, Ex. 4, Petitioner argued that appellate counsel should have sought on evidentiary hearing to present evidence supporting his claim of innocence, including bank records and mental health records

As noted by Respondent, appellate counsel did request an evidentiary hearing based on trial counsel's failure to utilize evidence that the Ms. Yeckley's urine, sampled May 9, 2004, at St. Francis Hospital, tested positive for amphetamines, benzodiazepines, and cannabinoids. See Dkt. # 27, Ex. 1 at n.4, and at 13. The OCCA determined, however, that although trial counsel should have used the lab report during cross-examination of the victim, the error did "not sufficiently undermine our confidence in the outcome reached." See Dkt. # 27, Ex. 3 at 2. Petitioner has not demonstrated that the additional grounds for an evidentiary hearing identified on post-conviction appeal and in the habeas petition would have faired any better. He has not shown that the OCCA

would have remanded the case for an evidentiary hearing, under Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, had appellate counsel requested a hearing on the grounds now raised by Petitioner. Even if trial counsel should have utilized bank and mental health records at trial, Petitioner's conclusory allegations are insufficient to undermine confidence in the outcome reached at trial. Therefore, Petitioner's claim of ineffective assistance of appellate counsel lacks merit. This claim of ineffective assistance of appellate counsel fails.

> c. **trial counsel's failure to use bank and mental health records, lack of communication (ground 5)**

In ground 5 of his amended petition, Petitioner complains that his appellate counsel failed to raise a claim of ineffective assistance of trial counsel for failing to us bank and mental health records to prove his innocence and for failing to communicate with him. In his application for post-conviction relief, Petitioner alleged that the bank records would have proven that "Yeckley's motive for blaming Petitioner was the fraud and theft she was taking him for prior to fight and during his stay at the county jail." See Dkt. # 27, Ex. 4. Petitioner also claimed that he was "100% disabled with bipolar disorder" and unable to form "specific intent," a necessary element of the criminal offense. Id. He also asserted that witnesses should have been called to prove that the victim was a liar. Id.

Petitioner fails to offer any of the records or any description of information contained in the alleged records. In his reply (Dkt. # 28), Petitioner sets forth in detail his efforts to communicate with his court-appointed attorneys. However, he does not identify information trial counsel failed to communicate to him or failed to obtain from him. Petitioner testified in his own defense at trial and claimed that he and Ms. Yeckley had argued because she had allowed methamphetamine to be cooked in the house. See Dkt. # 18, Tr. Trans. at 397. He did not testify that she had stolen anything

from him or that he suffered from mental illness. Petitioner also testified at trial that on the day of the fight, he "crashed" after having used methamphetamine for several days. Id. at 391-92. That testimony is inconsistent with his later allegation that "at the time of the charged offense, appellant was suffering a manic episode and may not have been responsible for his actions." See Dkt. # 27, Ex. 1, Pro Se Supplemental Brief at 4. The Court finds Petitioner has failed satisfy the prejudice prong of the Strickland standard. Even if trial counsel failed to utilize the alleged bank and mental health records, Petitioner has not demonstrated that the outcome of his trial would have been different. Therefore, his claim of ineffective assistance of trial counsel lacks merit and appellate counsel did not provide ineffective assistance in failing to raise the claim.

The Court concludes that Petitioner has not satisfied the Strickland standard. Therefore, he is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The original petition for writ of habeas corpus (Dkt. # 1) is **declared moot**.

2. The amended petition for writ of habeas corpus (Dkt. # 22) is **denied**.

3. A separate judgment shall be entered in this matter.

**DATED** this 18th day of March, 2011.

*[signature: Terence Kern]*
**TERENCE KERN**
**United States District Judge**